German Central Building Association *v.* Rosenbaum.

---

[*Special Term, April,* 1870.]

GERMAN CENTRAL BUILDING ASSOCIATION *v.* ROSENBAUM.

Where a wife furnished money to her husband to invest, which he did invest in a livery stable, in his own name, though for her benefit, but effected a loan by mortgaging the property to a building association, took the borrowed money and went away to California, leaving his wife in possession, and she, after he had left, leased the premises to a tenant who paid her one month's rent, and then attorned to the building association:

*Held,* that the tenant could not attorn to the building association, although its lien was the best, without the consent of the wife from whom he leased the property, or an order of court.

Nor did the appointment of a receiver, under a proceeding by the building association, to foreclose their mortgage without prejudice, by its terms to the claim of the wife, deprive her of the rent from her tenant until the sale.

*Okey*, for plaintiff.

*Gray*, for defendant.

The plaintiff is the wife of Hermon Arndt. Rosenbaum, to whom she intrusted for investment her money, amounting to $1,500.   He invested it in a livery stable and took the title to himself, and then mortgaged it to the German Central Building Association for some $1,200; took the money, and ran away to California, abandoning his wife, the plaintiff.   As her money purchased the property, she claimed it; and, being in possession, she leased the premises to the defendant at a rent of $50 per month.   After paying her one month's rent, as it appears from his answer, he attorned to the building association, which notified him of its mortgage, and of the forfeiture by Rosenbaum, the husband, of the condition, for want of payment.   Rent to the amount of $150 has become due, and the plaintiff seeks to recover it.

TAFT, J.   The question is whether the tenant of the plaintiff can answer her, that he has attorned to the mortgagee, and refuse to pay rent under his lease from her, though he has not actually been turned out, but remained in possession of the premises which he received from her. Her equitable title has not expired since he went into possession.   The building association may have the superior right in the property ; but his relations to his landlord require that he should pay her rent till he has been evicted. I think that he can not voluntarily decide the question of right between her and the building association, and attorn to it, in defiance of his contract with her.   *Whalin* v. *White*, 25 N. Y. 465 ; 1 Parsons' Con. 507 ; 1 Washburne's Real Prop. 483.

The tenant must pay rent to his own landlord until he is evicted, or ordered, or authorized, by the court, to attorn to some one else.   If her estate had terminated by its own

limitation, or if she had owned a life estate, or an estate for years, which had come to an end, the case might per· haps be different, and might have fallen within the case in 3 Ohio, 57. But the fact that the building association held a mortgage on which it could bring ejectment and get into possession, or could foreclose and sell, did not of itself authorize the tenant to abandon the plaintiff and attorn to the building association.

If the plaintiff had given the mortgage to the building association herself, and it had been forfeited, the case would have been different, and might have fallen within the principle of *Magill* v. *Hinsdale*, 6 Conn. 469, which has been cited by the defendant. But this mortgage of the husband is adverse to her right, and not by, and under her, as in the case last cited. The case of *Smith* v. *Sheppard*, 15 Pick. N. 149, is like that of *Magill* v. *Hinsdale*, although the language of the court would seem to go further, and hold that the threat on the part of the mortgagee to turn the tenant out might be taken as equivalent to an eviction. Nevertheless, that was the case of a mortgagee who had received his deed from the landlord himself, who was seeking to collect rent.

On the whole, I conclude to sustain the demurrer, and let the wife recover her rents.